```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/06/2016
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
HUI YE,                              :
                                     :
         <u>Plaintiff</u>,           :
                                     :       No. 14 Civ. 7683 (JFK)
    -against-                        :
                                     :           **MEMORANDUM**
GOLD SCOLLAR MOSHAN PLLC,            :        **OPINION & ORDER**
ALLISON SCOLLAR,                     :
MICHAEL J. MOSHAN,                   :
KATHERINE KOKKOSIS, and              :
ROBERT B. GOLD,                      :
                                     :
         <u>Defendants</u>.          :
------------------------------------X
GOLD SCOLLAR MOSHAN PLLC,            :
MICHAEL J. MOSHAN, and               :
KATHERINE KOKKOSIS,                  :
                                     :
         <u>Third-Party Plaintiffs</u>, :
                                     :
    -against-                        :
                                     :
ELI LUSKI,                           :
ALEXANDRA LUSKI,                     :
JAY KATZ,                            :
DAVID KATZ, and                      :
BANNER REALTY COMPANY, LLC,          :
                                     :
         <u>Third-Party Defendants</u>. :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

     Defendants Gold Scollar Moshan, PLLC ("GSM"), Michael

Moshan, and Katherine Kokkosis have filed a third-party

complaint in this diversity action.  They seek to recover on

contribution and indemnity claims against five third-party

defendants.  First-Party Plaintiff Hui Ye ("Plaintiff") moves to

strike the third-party complaint pursuant to Federal Rule of

1

Civil Procedure 14(a)(4).  For the reasons set forth below, Plaintiff's motion is granted.

## I. Background

Plaintiff Hui Ye is a resident of China. (Compl. ¶ 4.) Defendant GSM is a New York law firm. (Id. ¶ 5.)  Defendants Robert B. Gold, Allison Scollar, Michael Moshan, and Katherine Kokkosis were allegedly attorneys who worked at GSM during the events alleged in the complaint.  (Id. ¶¶ 6-9.)

In or around 2013, Plaintiff hired GSM to represent her in connection with her purchase of an apartment on Central Park West in Manhattan. (Id. ¶ 12.)  Plaintiff advised Defendants that she would not be traveling to New York to attend the closing on the apartment, which was scheduled for the end of August 2014. (Id. ¶¶ 13, 18.)  Defendants assured Plaintiff that she did not need to attend the closing in person as long as she wired the balance of the purchase price to GSM's escrow account for the Defendants to hold onto until delivery to the sellers at the closing. (Id. ¶ 14.)  Plaintiff did so on August 1, 2014,[1] wiring $1,044,533.00 into GSM's escrow account. (Id. ¶ 16.)

---

[1] The complaint alleges that the date of the transfer was January 8, 2014. (Compl. ¶ 16.)  In their papers submitted in connection with this motion, however, the parties agree that the correct date is August 1, 2014. (See Pl.'s Mem. at 7; Defs.' Mem. at 11-12; see also Am. Answer ¶ 47, ECF No. 62.)

On August 11, 2014, GSM notified Plaintiff that there was a "significant shortfall" in the firm's escrow account that made it "impossible to proceed with [the] closing." (Id. ¶ 19.) Despite repeated demands, GSM refused to return Plaintiff's funds. (Id. ¶ 22.) To avoid being in breach of the contract of sale, Plaintiff was forced to borrow money to raise another $1,044,533.00 to close on the apartment. (Id. ¶ 23.) Upon information and belief, Plaintiff alleges that instead of preserving the escrow funds on Plaintiff's behalf until the closing, Defendants retained the funds for their own use. (Id. ¶ 20.) The complaint asserts claims against Defendants for legal malpractice, breach of fiduciary duty, misappropriation, conversion, and fraud.

In response to the complaint, the defendants filed various answers and cross-claims. On November 21, 2014, Scollar answered and filed cross-claims against all of her co-defendants. On December 2, 2014, Moshan and Kokkosis jointly answered and filed cross-claims against Scollar. On March 23, 2015, Gold moved to dismiss the first-party claims against him for lack of personal jurisdiction. The Court denied that motion on October 30, 2015, and Gold then answered.

On January 13, 2016, the Court held an initial conference and entered a scheduling order that set a deadline for joinder of parties and amendment of pleadings by February 5, 2016. On

3

February 4, 2016, counsel entered a notice of appearance on behalf of GSM, which had not yet answered or appeared.  On February 5, 2016, Defendants GSM, Moshan, and Kokkosis (the "Third-Party Plaintiffs") filed an amended answer with cross-claims against Defendant Scollar and a third-party complaint against five nonparties:  Eli Luski, Alexandra Luski, Jay Katz, David Katz, and Banner Realty Company, LLC (the "Third-Party Defendants").

According to the cross-claims and third-party complaint, Defendant Scollar took millions of dollars from GSM's escrow account in 2013 and 2014 and wrongfully distributed the funds to herself and others. (Am. Answer ¶ 100.)  The Third-Party Defendants are alleged to have acted in concert with Scollar and to have wrongfully received funds from her despite knowing they were escrow funds. (Id. ¶ 114.)  In the event that Third-Party Plaintiffs are found liable on the first-party claims, they seek to recover from the Third-Party Defendants for indemnity and contribution. (Id. ¶¶ 121, 125.)  Third-Party Plaintiffs also separately bring cross-claims against Scollar for indemnity, contribution, and fraud. (Id. ¶¶ 100-113.)

On April 4, 2016, Plaintiff filed the instant motion to strike the third-party complaint pursuant to Rule 14(a)(4) of the Federal Rules of Civil Procedure.

On May 2, 2016, the District Attorney for New York County announced the indictment of three of the Third-Party Defendants: Eli Luski, Jay Katz, and David Katz. (See Press Release, New York District Attorney's Office, DA Vance:  Three Men, Including Former Attorney, Charged with Conspiring to Steal and Launder $5 Million from Attorney Escrow Accounts (May 2, 2016), http://manhattanda.org/press-release/da-vance-three-men-including-former-attorney-charged-conspiring-steal-and-launder-5-mi.)  From January 2010 to February 2016, the three men are alleged to have enlisted attorneys to steal approximately $5 million held in attorney escrow accounts and to have directed the stolen funds to designated bank accounts. Id.  Each defendant is charged with second degree grand larceny and conspiracy in the fourth degree. Id.  Luski and Jay Katz are also charged with money laundering in the first and second degrees and residential mortgage fraud in the second degree. Id.  The Court has been advised that David Katz and Eli Luski are currently incarcerated in connection with the state charges and that a motions schedule in the criminal case is pending.

## II. Discussion

Plaintiff moves this Court to strike the third-party complaint pursuant to Rule 14(a)(4) of the Federal Rules of Civil Procedure, which permits any party to move to strike a third-party claim, to sever it, or to try it separately. Fed. R.

CIV. P. 14(a)(4).  The thrust of Plaintiff's argument is that the prejudice to Plaintiff from allowing the third-party complaint at this stage of the litigation outweighs the benefits to judicial economy from permitting the third-party claims.  The Court agrees.

Under Rule 14(a)(1), a defending party may implead a third party "who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a).  The purpose of the rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third-party who might be liable to the defendant for a portion of the plaintiff's claims. Kenny v. City of New York, No. 09-CV-1422 RRM VVP, 2011 WL 4460598, at *2 (E.D.N.Y. Sept. 26, 2011). However, "the right to implead third parties is not automatic, and the decision whether to permit impleader rests within the sound discretion of the district court." Doucette v. Vibe Records, Inc., 233 F.R.D. 117, 120 (E.D.N.Y. 2005) (quoting Consol. Rail Corp. v. Metz, 115 F.R.D. 216, 218 (S.D.N.Y. 1987)).  In exercising this discretion, the district court must balance the benefits of settling related matters in one suit against the possible prejudice to the plaintiff and third-party defendants. Metz, 115 F.R.D. at 218.  Factors relevant to the Court's decision include:  "(1) whether the movant deliberately delayed or was derelict in filing the motion, (2) whether

6

impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted." Murphy v. Keller Indus., Inc., 201 F.R.D. 317, 320 (S.D.N.Y. 2001).

In opposition to Plaintiff's motion to strike, Third-Party Plaintiffs provide no convincing justification for waiting more than 14 months from the date of their original answer to implead the Third-Party Defendants.  Although the initial conference in this case was adjourned pending briefing and a decision on Defendant Gold's motion to dismiss for lack of personal jurisdiction, Gold is not involved in the third-party claims. Thus, there was little reason to wait until Gold's motion was decided before seeking to implead the Third-Party Defendants. Nor is this a situation where the factual bases for the third-party claims were only recently discovered.  The third-party complaint relies on facts alleged in a state court action brought by Defendant Scollar, which Third-Party Plaintiffs acknowledge was filed in late 2014, more than a year before the third-party complaint. (See Am. Answer ¶ 116; id. Ex. G; Defs.' Mem. at 4.)  Accordingly, the timing of the third-party complaint weighs in favor of granting Plaintiff's motion to strike.

Moreover, were the Court to permit the third-party claims, further delay would likely ensue. Discovery, other than depositions, on the first-party claims has concluded. Plaintiff has indicated that she intends to move for summary judgment on the first-party claims following depositions. Impleading five additional parties, three of whom are awaiting trial on state criminal charges, would likely delay and complicate resolution of the relatively straightforward first-party claims as the parties engage in additional discovery and motions practice, including a potential motion to stay the third-party action pending resolution of the state criminal proceedings.

The Court finds that these concerns outweigh the benefits to judicial economy from having the third-party claims litigated in this action. The Court therefore need not consider Plaintiff's additional argument that the third-party claims should be stricken because they fail to state claims for contribution or indemnity that are dependent upon the first-party claims. Nor does the Court consider Plaintiff's contention that the Court would lack subject matter jurisdiction over the third-party claims.

## Conclusion

For the reasons stated above, Plaintiff's motion to strike the third-party complaint pursuant to Rule 14(a)(4) is granted. The Clerk of the Court is respectfully directed to close the

8

open motion (ECF No. 81) and to terminate the third-party claims and parties from the docket.  A conference remains scheduled for December 20, 2016, at 11:00 A.M.

**SO ORDERED.**

Dated:    New York, New York
         December 6, 2016

                                          _____
                                          Hon. John F. Keenan
                                          United States District Judge